**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DANIEL WILSON,                                                                                                       PLAINTIFF
ADC #138100

v.                                                      4:15CV00069-BRW-JTK

BETH CARTER, et al.                                                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     Introduction

Plaintiff Daniel Wilson is an inmate incarcerated at the Southwest Arkansas Community Correction Center in Texarkana, Arkansas. He filed this pro se action, pursuant to 42 U.S.C. § 1983, claiming Defendants were responsible for the denial of his parole plan (Doc. No. 1). By Order dated February 4, 2015, this Court granted Plaintiff's Motion to proceed in forma pauperis in this action, and provided him the opportunity to amend his Complaint within thirty days, noting that the allegations of his Complaint were too vague for the Court to determine if they stated a claim upon which relief may be granted (Doc. No. 5). Plaintiff, however, has not filed an Amended Complaint in accordance with that Order.

After carefully reviewing Plaintiff's Complaint, the Court concludes it should be dismissed for failure to state a claim upon which relief may be granted.

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. §

1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. Denton v. Hernandez, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." Id.

### III. Analysis

Title 42 U.S.C. § 1983 was enacted to allow plaintiffs to enforce constitutional rights against defendants who have violated their rights while acting under color of state law. Griffin-El v. MCI Telecommunications Corp., 835 F.Supp. 1114, 1118 (E.D. Mo. 1993).

Plaintiff alleges that Defendant Sharp is the Director of Arkansas Community Correction, and that Defendant Carter was at one time his parole officer and "responsible for the insidious actions that are being taken aginst me at this time." (Doc. No. 1, p. 6) Plaintiff is not clear, however, about the specific actions taken by Defendant Carter. He appears to state that his sister presented a parole plan which may have involved Plaintiff living with her, and that someone improperly

questioned his sister's landlord about knowledge of Plaintiff's past. (Doc. No. 6, p. 7) He then seeks damages "for the time I've spent after making parole and home plan being accepted and being told why I was denied." (Id., p. 5) Plaintiff does not, however, allege any specific wrongdoing by either of the Defendants and he does not specifically claim that any of their actions resulted in the violation of his constitutional rights.

"A parole officer's function in preparing a parole report and recommendation for the parole board on an inmate's suitability for parole is a sufficiently adjudicatory function to entitle the officer to absolute immunity for performance of that function." Olds v. Hogg, 774 F.Supp. 1201, 1203 (E.D.MO 1991). In addition, information and recommendations provided by probation officers to parole hearing examiners is considered part of the judicial process, thus entitling those officers to absolute immunity. See Anton v. Getty, 78 F.3d 393, 396 (8th Cir. 1996). Therefore, to the extent that Plaintiff sues Defendants for damages for actions which resulted in a decision to deny his parole plan, the Court finds them immune from liability.

The Court also finds that any claim for injunctive relief (release on parole) should be dismissed. There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979). Matters pertaining to the parole process are usually governed by state statute and therefore, are matters of state law, without questions of constitutional magnitude. Therefore, state courts are the exclusive forum for resolving an inmate's challenge to the manner in which his parole eligibility date is determined. Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir. 1987). In addition, any request for a shortening of his sentence or length of confinement should be pursued in a habeas corpus petition. See Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991). In Offet v. Solem, the court held state remedies must be exhausted when a federal

decision might indirectly lead to a change in the duration of confinement by requiring reconsideration of a prisoner's status. 823 F.2d 1256, 1261(8th Cir. 1987).

**IV.  Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2 This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action will not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 9th day of March, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.